UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| KEITH MEDARIS, SR., | ) | |
|---|---|---|
| | ) | No. 1:19-cv-04144-JPH-MJD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JANE E. MAGNUS-STINSON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY SCREENING AND DISMISSING COMPLAINT**

This action was removed from the Marion Circuit Court on October 8, 2019 where it had been filed under Cause No. 49D10-1909-CT-038146. Dkt. 1

Plaintiff Keith Medaris, Sr. is an inmate currently confined at Pendleton Correctional Facility. Because Mr. Medaris is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A to screen his complaint "as soon as practicable after docketing."

**I. Screening Standard**

Under 28 U.S.C. § 1915A(b), the Court must dismiss a complaint if it is frivolous, malicious, fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such relief. In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

1

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by Mr. Medaris are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotations omitted).

## II. Background

Some background is helpful in understanding Mr. Medaris's complaint. Public records show that Mr. Medaris's was arrested on December 23, 2003 for the murder of Wilbert Smith. After a 2004 jury trial in Marion Superior Court, he was sentenced to 55 years in prison. Judge Jane E. Magnus-Stinson presided over the case. *Medaris v. State*, 834 N.E.2d 744 (unpublished table decision), No. 49A04-0411-CR-620 (Ind. Ct. App. Sept. 6, 2005), *trans. denied*. The Indiana Department of Correction website reflects that Mr. Medaris was sentenced on October 29, 2004.

Mr. Medaris's direct appeal and petition for post-conviction relief in state court were unsuccessful, as were his two petitions for habeas corpus relief in this Court. *See id.*; *Medaris v. State*, No. 49A02-0901-PC-6 (Ind. Ct. App. Aug. 4, 2008), *reh'g denied*; *Medaris v. Butts*, No. 1:12-cv-01051-RLY-DKL (S.D. Ind. Aug. 21, 2013), *appeal dismissed*, No. 14-1043 (7th Cir. Feb. 11, 2014); *Medaris v. Butts*, No. 1:14-cv-01886-WTL-MJD (Dec. 1, 2014).

2

### III. Removal

Judge Magnus-Stinson removed this case to federal court under 28 U.S.C. § 1442(a), which allows civil actions brought against the United States, its officers, or agencies to be removed to the United States District Court. Dkt. 1. It is not clear whether Mr. Medaris intended to bring a claim against Judge Magnus-Stinson for actions taken in her official federal capacity. *See Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012) (explaining jurisdiction under 28 U.S.C. § 1442(a)). But the complaint alleges false arrest and the loss of the "right to personal liberty, right to free exercise and enjoyment of freedom" related to Mr. Medaris's arrest and sentence. Dkt. 1-1 at 9. The Court therefore has federal question jurisdiction via 42 U.S.C. § 1983, which creates a cause of action for federal constitutional violations, including those under the Fourth and Fourteenth Amendments. *See* 28 U.S.C. § 1331; *cf. Dancel v. Groupon, Inc.*, --- F.3d ----, 2019 WL 5057669 at *3 (7th Cir. Oct. 9, 2019) (entertaining diversity jurisdiction after a notice of removal alleged only federal-question jurisdiction).

### III. The Complaint

Mr. Medaris's initial pleading in this case is less than clear. No case caption listing defendants is found, though the state court docket reflects the names of several individuals named within Mr. Medaris's pleading, including Judge Magnus-Stinson, former defense attorney Patricia Caress-McMath, and former Marion County Deputy Prosecutor D.J. Mote. The filing includes documents entitled "Criminal Complaint Affidavit of Truth" and "Notice of Tort

Claim" as well as what appear to be Indiana Department of Corrections forms for an "Offender Grievance" and a "Request for Interview." Dkt. 1-1. The documents name Judge Magnus-Stinson and others as "persons involved in this claim or having knowledge of the circumstances." *Id.* at 9.

In his Notice of Tort Claim, Mr. Medaris identifies December 23, 2003 and September 29, 2004—the respective dates of his arrest and sentence—as the dates of his "loss or injury." Mr. Medaris further alleges that the circumstances giving rise to his "tort" claim are "the loss of my right to Personal Liberty, right to free exercise and enjoyment of freedom was brought about via false arrest, mistaken identity." *Id.* at 9. Mr. Medaris seeks damages in the form of a "structured settlement . . . via lump sum in the amount of Two Million Five Hundred Thousand dollars via check; money-order or gold or silver coins." *Id.* at 7.

## IV. Discussion

Mr. Medaris appears to allege that Judge Magnus-Stinson, who was a state court judge during the time of Mr. Medaris's alleged loss and injury, deprived him of liberty and freedom by false arrest and mistaken identity. He appears to also claim that his criminal prosecution was improper.

While Mr. Medaris's allegation of constitutional violations gives this Court jurisdiction under 42 U.S.C. § 1983, the facts alleged are insufficient to state a plausible claim for relief. Mr. Medaris does not allege facts that would allow the Court to draw the reasonable inference that Judge Magnus-Stinson is liable for alleged constitutional violations or for violations, to the extent alleged,

4

of Indiana tort law or the Uniform Commercial Code. *See Shapiro v. McManus*, 136 S.Ct. 450, 455 (2015) (explaining that complaints can raise a federal question for jurisdictional purposes yet fail to state a claim on which relief can be granted). The complaint must provide "some specific facts" that give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). Conclusory legal statements "do nothing" to help meet that standard. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010).

Moreover, a state court judge is absolutely immune from civil damages liability for judicial acts committed in the exercise of her jurisdiction. *Eades v. Sterlinske*, 810 F.2d 723, 725 (7th Cir. 1987) (citing *Stump v. Sparkman*, 435 U.S. 349, 361-364 (1978). *See also Myrick v. Greenwood*, 856 F.3d 487, 488 (7th Cir. 2017) (per curiam) (affirming dismissal of suit alleging due process violation by state court judge on the basis of absolute immunity). For these reasons, the Court must dismiss Mr. Medaris's complaint against Judge Magnus-Stinson under 28 U.S.C. § 1915A(b).

Mr. Medaris's complaint does not include a caption or list of defendants, and to the extent that he sought to raise claims against other defendants, the complaint suffers from the same lack of specificity. *See Twombly*, 550 U.S. at 555; *Swanson*, 614 F.3d at 405. Immunity or other affirmative defenses such as a statute of limitations may also apply to some or all other potential defendants in this case. *See, e.g., Dickens v. Illinois*, 753 Fed. App'x. 390, 392

5

(7th Cir. 2018) (recognizing that district court could have appropriately considered a statute of limitations bar at screening); *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) (observing that "[a] prosecutor is absolutely immune for all actions and decisions undertaken in furtherance of his prosecutorial duties"); *Heyde v. Pittenger,* 633 F.3d 512, 517 (7th Cir. 2011) (recognizing that absolute immunity is not limited to government officials with the title of prosecutor or judge) (internal citation omitted).

The Court thus **DISMISSES** Mr. Medaris's complaint. Mr. Medaris shall have through **November 11, 2019** to show cause why judgment consistent with this order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013).

**SO ORDERED.**

Date: 10/11/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution by U.S. Mail to:

Keith Medaris, Sr.
891263
Pendleton – CF
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Distribution to electronically registered counsel via ECF